NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS SANCHEZ-PEREZ, | No. 22-887 |
| Petitioner, | Agency No. A206-356-610 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 21, 2026
San Francisco, California

Before: WARDLAW, BEA, and SANCHEZ, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge Bea.

Juan Carlos Sanchez-Perez, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") denying his

appeal of an Immigration Judge's ("IJ") order denying his application for

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

grant the petition for review in part, deny it in part, and remand to the BIA for further proceedings consistent with this disposition.

We review the BIA's denial of an appeal from the IJ's determination that a noncitizen is ineligible for cancellation of removal for substantial evidence. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002 (9th Cir. 2025). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019).

1.	Substantial evidence supports the BIA's determination that Sanchez-Perez is ineligible for cancellation of removal because he failed to demonstrate that his qualifying relatives would suffer exceptional and extremely unusual hardship if he is removed to Mexico. *See Wilkinson v. Garland*, 601 U.S. 209, 215 (2024) ("To meet [the exceptional and extremely unusual hardship] standard, a noncitizen must demonstrate that a qualifying relative would suffer hardship that is substantially different from or beyond that which would ordinarily be expected to result from their removal, but need not show that such hardship would be unconscionable." (internal quotation marks and citation omitted)). The record does not compel the conclusion that Sanchez-Perez's mother or wife would suffer extreme and exceptionally unusual hardship if he were to be removed to Mexico. Nor does the record support Sanchez-Perez's argument that the BIA failed to give

reasoned consideration to all of the evidence before it. *Cf. Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (A BIA decision cannot stand where there is "any indication that the BIA did not consider all of the evidence before it." Indicia of the BIA's failure to consider evidence include "misstating the record and failing to mention highly probative or potentially dispositive evidence."). Finally, the BIA properly considered the hardship to Sanchez-Perez's qualifying relatives in the aggregate, even if it did not use the words "aggregate" or "cumulative" to describe its analysis. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (holding that citing *In re Monreal-Aguinaga*, 23 I. & N. 56 (BIA 2001), is "all our review requires" to establish that the BIA properly weighed all evidence of hardship in the aggregate, and concluding that "[i]n any event, the IJ's decision discussed the [qualifying relatives] as a group, and . . . concluded that insufficient hardship would be suffered by 'any or all' of the petitioners' [qualifying relatives]") *recognized as superseded on other grounds*, *Gonzalez-Juarez*, 137 F.4th at 1000.

2.      The BIA erred by failing to consider whether a claims-processing violation occurred in light of the defective Notice to Appear ("NTA") issued by the Government. In *Matter of Fernandes*, the BIA held that the Government's issuance of a defective NTA requires "remand . . . to the [IJ] so that [the Department of Homeland Security ("DHS")] may remedy the noncompliant notice

to appear." 28 I. & N. Dec. 605, 616 (BIA 2022). Remand to the IJ is a mandatory procedural step whenever this claims-processing rule is violated. *See id.* at 614 ("[A]n Immigration Judge may not overlook or ignore a violation of [Immigration and Nationality Act] section 239(a)(1) if the issue is timely raised."); 8 U.S.C. § 1229(a)(1). We have granted petitions for review and remanded to the BIA for further proceedings in materially similar circumstances. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629–32 (9th Cir. 2024).[1]

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**[2]

---

[1] Our dissenting colleague suggests that this claim is unexhausted. Not so. Sanchez-Perez argued before the agency that his NTA was statutorily deficient and that the agency lacked jurisdiction. These arguments are nearly identical to those we found sufficient to exhaust the issue in *Suate-Orellana*. 101 F.4th at 630 (discussing how petitioner "argued before the IJ that she believed her NTA was 'not a notice to appear under'" § 1229(a)(1) due to the missing time and date information,' and before the BIA that she 'was never issued a valid [NTA] indicating the date and time of her proceedings, as the statute requires'"). Moreover, Sanchez-Perez could not be required or expected to use the phrase "claim-processing violation" at the time he filed his brief before the BIA given that *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), and follow-on cases developing this framework had not yet issued. *See Suate-Orellana*, 101 F.4th at 629.

[2] Sanchez-Perez's Motion to Stay Removal is **GRANTED**. *See* Dkt. Nos. 3, 11.

*Sanchez-Perez v. Blanche*, No. 22-887

BEA, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's denial of Sanchez-Perez's petition for review as to his application for cancellation of removal. But I respectfully dissent from the majority's decision to grant the petition for review and remand to the Board of Immigration Appeals (BIA) so that it may address the claim-processing violation arising from Sanchez-Perez's statutorily deficient Notice to Appear (NTA). I would deny the petition for review in full because Sanchez-Perez failed to exhaust this non-jurisdictional argument relating to his NTA, and we may not consider that unexhausted argument.

## I

## A

There is no dispute that Sanchez-Perez received an NTA that did not state the time and place of his hearing before the immigration judge (IJ), in violation of Section 239(a)(1) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1229(a)(1). Before the IJ and the BIA, Sanchez-Perez raised one issue relating to his defective NTA—that it deprived the immigration court of *jurisdiction* over his removal proceedings. *See, e.g.*, AR 836 (Motion to Terminate Removal Proceedings) ("This motion is based on the fact that jurisdiction never vested with the [immigration court] because the Department of Homeland Security . . . issued a charging document to Respondent that does not comply with the requirements of the

1

[INA]").  The BIA concluded that Petitioner's statutorily deficient NTA did not deprive the immigration court of jurisdiction under *Matter of Arambula-Bravo*, 28 I. & N. Dec. 388 (BIA 2021).  That determination was correct, and Sanchez-Perez has not challenged it.  Instead, in his petition for review, Sanchez-Perez advanced a new theory.  He argued that his statutorily deficient NTA constituted a "*claim-processing*" violation that required remand to the BIA to consider the effect of the violation and possible remedies.

The general rule is that an immigration petitioner cannot present to a court of appeals an argument that he did not present to the IJ and the BIA.  8 U.S.C. § 1252(d)(1).  An argument is exhausted only if the immigration petitioner presented that argument in a manner "sufficient to put the [agency] on notice of what was being challenged."  *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).  The question before us is simple: Were Sanchez-Perez's arguments pertaining to his statutorily deficient NTA, which were solely jurisdictional, "sufficient to put the [agency] on notice" that he was raising non-jurisdictional arguments pertaining to his NTA?  The answer is no.  Accordingly, Sanchez-Perez did not exhaust his non-jurisdictional, "claim-processing" argument relating to his statutorily deficient NTA.

B

Our decision in *Umana-Escobar v. Garland* dictates that result.  69 F.4th 544, 550 (9th Cir. 2023).  In *Umana-Escobar*, we recognized that, when an immigration

2

petitioner raises "defects in the NTA but ma[kes] *only a jurisdictional argument based on such defects*," the BIA "ha[s] no reason to consider whether the NTA's defects could constitute some other type of violation . . . *such as a claim-processing violation*." 69 F.4th at 550 (emphasis added). In a subsequent decision, we reaffirmed that a petitioner who "raise[s] to the BIA only a jurisdictional argument pertaining to the [NTA]" fails to exhaust a "non-jurisdictional argument pertaining to the notice to appear." *Lemus-Escobar v. Bondi*, 158 F.4th 944, 954 (9th Cir. 2025) (citing *Umana-Escobar*, 69 F.4th at 550). Here, Sanchez-Perez's arguments before the IJ and the BIA sounded "exclusively in jurisdiction," so he failed to exhaust the non-jurisdictional "claim-processing" argument that he now presses before our court. *See id.*

Our decision in *Suate-Orellana v. Garland*, decided after *Umana-Escobar* but before *Lemus-Escobar*, does not alter that conclusion. 101 F.4th 624, 629–30 (9th Cir. 2024). In *Suate-Orellana*, we held that an immigration petitioner had properly exhausted her "claim-processing" argument relating to a statutorily deficient NTA, so we remanded the case to the BIA for consideration of that argument. *See id.* at 629–32. But we made clear why the case differed from *Umana-Escobar*. *See* 101 F.4th at 629 ("The government cites *Umana-Escobar* . . . [but] Suate-Orellana's brief before the BIA was different from the one filed in that case."). In her brief to the BIA, Suate-Orellana had *not* challenged the validity of her NTA "only in the

3

context of arguing that the IJ lacked jurisdiction," 101 F.4th at 629, whereas the petitioner in *Umana-Escobar* had made "exclusively" jurisdictional arguments, 69 F.4th at 550. Rather, Suate-Orellana had made "extensive arguments . . . throughout this litigation," which "put the BIA on notice that the NTA's defects 'could constitute some other type of violation which might be subject to waiver.'" 101 F.4th at 630 n.4 (quoting *Umana-Escobar*, 69 F.4th at 550). Because Suate-Orellana made such "extensive arguments," we observed that "[t]he BIA recognized this distinct aspect of Suate-Orellana's argument . . . in addition to addressing the jurisdictional argument." *Id.* at 629.

Unlike the petitioner in *Suate-Orellana*, Sanchez-Perez did not make "extensive arguments" before the IJ and the BIA about the effects of his statutorily deficient NTA. Rather, in both his motion to terminate proceedings before the IJ and his brief to the BIA, Sanchez-Perez raised the issue of his NTA solely to argue that its statutory defects deprived the immigration court of *jurisdiction*. Even Sanchez-Perez's brief to our court described his arguments before the agency as strictly jurisdictional. *See* Opening Brief for Petitioner 11 ("[Sanchez-Perez] filed a motion to terminate proceedings based on the defective NTA he received, contending that it deprived the IJ of jurisdiction"). Unsurprisingly, the BIA addressed only the jurisdictional implications of Sanchez-Perez's defective NTA, whereas in *Suate-*

4

*Orellana*, the BIA had recognized the "distinct aspect of Suate-Orellana's argument" that did not relate to jurisdiction. 101 F.4th at 629.

For the foregoing reasons, Sanchez-Perez's "claim-processing" argument is unexhausted. *See* 8 U.S.C. § 1252(d)(1).

## II

We may not consider an immigration petitioner's unexhausted argument when the Government objects. *Suate-Orellana*, 101 F.4th at 629 ("The exhaustion requirement contained in 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule . . . a claim-processing rule is mandatory in the sense that a court must enforce the rule if a party properly raises it." (cleaned up)). Here, the Government objected to our consideration of Sanchez-Perez's unexhausted argument relating to the claim-processing component of his statutorily deficient NTA. Accordingly, we must enforce the exhaustion requirement of § 1252(d)(1) and may not consider Sanchez-Perez's argument regarding the claim-processing violation that arose from his statutorily deficient NTA.

Because I would deny Sanchez-Perez's petition for review in full, I respectfully dissent in part.